**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**RICHARD THOMAS STITT,**

**Petitioner,**

**v.** **CRIMINAL ACTION NO. 2:98cr47**

**UNITED STATES OF AMERICA,**

**Respondent.**

***MEMORANDUM OPINION & ORDER***

Before the Court is the question of Petitioner's resentencing following this Court's earlier Order vacating Petitioner's death sentence. For the reasons stated below, this Court will **ORDER** the parties to attend a sentencing hearing without convening a new jury for the purpose of considering the death penalty.

## I. FACTUAL AND PROCEDURAL HISTORY

On February 17, 1999, after a jury trial and subsequent penalty phase, the Court sentenced Petitioner to death on each of three counts of Murder During a Continuing Criminal Enterprise in violation of 21 U.S.C. § 848(e)(1)(A) (2000). The Court also sentenced Petitioner to life imprisonment for Continuing Criminal Enterprise in violation of 21 U.S.C. § 848(a), (c) (2000) and Murder With a Firearm During a Drug Trafficking Crime in violation of 18 U.S.C. § 924(i)(2)(l) (2000). In addition, Petitioner was sentenced to various lesser terms of imprisonment on seven other counts.

On May 25, 2001, the United States Court of Appeals for the Fourth Circuit (the "Fourth Circuit") affirmed Petitioner's convictions and sentences. *United States v. Stitt*, 250 F.3d 878, 900 (4th Cir. 2001). On May 13, 2002, the United States Supreme Court denied certiorari. *Stitt v. United States*, 535 U.S. 1074 (2002). On May 13, 2003, Petitioner filed a motion to Vacate, Set Aside or Correct a Sentence Previously Imposed pursuant to 28 U.S.C. § 2255 (2000). Petitioner argued that his sentence was invalid because (1) he received ineffective assistance of counsel, (2) he was denied learned counsel, (3) a thirteenth juror deliberated, (4) the Government withheld evidence, (5) the death penalty is unconstitutional, and (6) the Government's expert recanted his testimony. On April 1, 2005, the Court entered a Memorandum Opinion & Order vacating Petitioner's three death sentences on the basis of ineffective assistance of counsel and stating that the Court "shall schedule a hearing to correct the sentence as may appear appropriate." *Stitt v. United States*, 369 F. Supp. 2d 679, 695, 700 (E.D. Va. 2005). The parties both appealed before a new hearing could be scheduled. The Fourth Circuit initially affirmed this Court and remanded the case for resentencing. *United States v. Stitt*, 441 F.3d 297, 306 (4th Cir. 2006), *recalled by* 459 F.3d 483 (4th Cir. 2006).

On August 16, 2006, before the Fourth Circuit had issued its mandate, the Fourth Circuit decided that it lacked jurisdiction over Petitioner's appeal because Petitioner had not yet been resentenced. *United States v. Stitt*, 459 F.3d 483, 486 (4th Cir. 2006). The Fourth Circuit relied on *Andrews v. United States*, 373 U.S. 334, 340 (1963), which held that a court of appeals lacks jurisdiction over an appeal from a § 2255 determination until the district court imposes an appropriate remedy. The Fourth Circuit remanded the case to this Court for resentencing. *Stitt*, 459 F.3d at 486. On November 30, 2006, the Court ordered Petitioner and the Government to file briefs addressing the question of whether the Court can resentence Petitioner without the possible

application of the death penalty. The Government filed its memorandum on December 28, 2006. Petitioner filed his response on January 3, 2007.

## II. LEGAL STANDARD AND DISCUSSION

The question before the Court is whether the Court can exercise its "broad and flexible § 2255 remedial power" to resentence Petitioner without the impaneling of a new jury for a death penalty determination. *United States v. Hillary*, 106 F.3d 1170, 1172 (4th Cir. 1997). As a preliminary matter, the Government contends that the Fourth Circuit, upon dismissing the parties' § 2255 appeals and remanding to this Court, clearly contemplated that this Court would resentence Petitioner by means of a capital resentencing procedure. The Fourth Circuit's majority opinion, however, merely states, "We dismiss the appeal for lack of jurisdiction and remand to the district court for resentencing." *Stitt*, 459 F.3d at 486. It is true that language in Judge Williams' concurring opinion indicates that she assumed that this Court had ordered a future capital resentencing. *See id.* at 486-88 (Williams, J., concurring). Nonetheless, the majority opinion only references a pending "resentencing," and in any case, the Fourth Circuit's holding only pertains to its own lack of jurisdiction to consider an appeal at that stage and not the eventual § 2255 remedy to be imposed by this Court.

### A. Statutory Sentencing Authority

Before the Court can "fashion an appropriate remedy," *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992), it must determine the sentencing statute applicable to this case. Petitioner's death sentences were authorized by 21 U.S.C. § 848(e) (2000). This section states that the death penalty may apply to murder during a continuing criminal enterprise. *Id.* The statute providing the death

sentencing hearing procedure for defendants found guilty of murder during a continuing criminal enterprise, 21 U.S.C. § 848(i) (2000), was repealed by a component of the USA PATRIOT Improvement and Reauthorization Act of 2005. *See* Terrorist Death Penalty Enhancement Act of 2005, Pub. L. No. 109-177, § 221, 120 Stat. 192, 231 (2006). The now-repealed statute provided that when the defendant has been found guilty under § 848(e) and the Government has filed the appropriate notice, "the judge . . . shall conduct a separate sentencing hearing to determine the punishment to be imposed. The hearing shall be conducted . . . (B) before a jury impaneled for the purpose of the hearing if . . . (iv) after initial imposition of a sentence under this section, redetermination of the sentence under this section is necessary . . . ." 21 U.S.C. § 848(i)(1) (repealed 2006). The statute which applied to Petitioner's original sentencing contemplated the possibility of impaneling a new jury for the purpose of a second death sentencing hearing.

The current death sentencing hearing procedures that the Government argues are applicable to Petitioner's crime are found in the Federal Death Penalty Act, 18 U.S.C. § 3591 et seq. (2000) ("FDPA"). The FDPA hearing procedure provides that if the defendant has been found guilty of a crime covered by the statute and the Government has given the proper notice, "the judge . . . shall conduct a separate sentencing hearing to determine the punishment to be imposed. The hearing shall be conducted . . . (2) before a jury impaneled for the purpose of the hearing if . . . (D) after initial imposition of a sentence under this section, reconsideration of the sentence under this section is necessary . . . ." 18 U.S.C. § 3593(b). Therefore, the current FDPA also provides for a second capital sentencing hearing before a new jury.

Petitioner argues that the FDPA cannot apply, because Petitioner was sentenced under 21 U.S.C. § 848(e) and not the FDPA. As noted above, the § 848 authority for impaneling a new jury

for a redetermination of a sentence has been repealed. Petitioner argues that this deprives the Court of the authority to convene a new jury for a new sentencing hearing. Petitioner further argues that the FDPA's authority for convening a new jury is irrelevant to Petitioner's case, as the FDPA states that a new jury may be impaneled when "reconsideration of the sentence under *this* section is necessary . . . ." 18 U.S.C. § 3593(b)(2)(D) (emphasis added). Petitioner states that because he was never sentenced under "*this* [FDPA] section," the FDPA does not provide authority for impaneling a new jury for resentencing.

The Court finds that it lacks the statutory authority to convene a death penalty sentencing hearing in this case. The statutory mechanism providing for impaneling a new jury for reconsideration of a death sentence in Petitioner's case has been repealed. The FDPA, as Petitioner points out, does not apply to the instant case. When it is no longer possible to sentence a defendant before the jury that determined guilt, the FDPA lists four clear situations where a new jury can be impaneled, and no more. These are:

> (A) the defendant was convicted upon a plea of guilty;
> (B) the defendant was convicted after a trial before the court sitting without a jury;
> (C) the jury that determined the defendant's guilt was discharged for good cause; or
> (D) after initial imposition of a sentence under this section, reconsideration of the sentence under this section is necessary . . . .

18 U.S.C. § 3593(b)(2). Sections A, B, and C are clearly inapplicable. Section D is inapplicable as well, because Petitioner was not originally sentenced under the procedures of § 3593. Therefore, the Court will not impanel a new jury for death penalty purposes because the Court lacks the statutory authority to do so.

In addition, the Court notes that the general savings statute, 1 U.S.C. § 109 (2000), is not applicable in the instant case. This section provides that:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

1 U.S.C. § 109. The Supreme Court has held that, "[T]he general saving clause does not ordinarily preserve discarded remedies or procedures . . . ." *Warden v. Marrero*, 417 U.S. 653, 661-62 (1974). The death penalty hearing sections at issue are such a procedure. For example, in *United States v. Obermeier*, 186 F.2d 243, 253-54 (2d Cir. 1951), *cited in Marrero*, 417 U.S. at 661, the court held that § 109 saves substantive rights and liabilities, but that it did not save a criminal offense statute of limitations. This had the effect of causing two counts against the defendant in that case to be dismissed because they were time-barred under the newer, shorter limitations period. *Id.* In *Hallowell v. Commons*, 239 U.S. 506, 507-09 (1916), the Supreme Court held that the general savings clause did not prevent the district court from losing jurisdiction in a pending case over an Indian title allotment, when a statute enacted subsequent to the commencement of the case provided that the Secretary of the Interior had exclusive jurisdiction. Finally, in *Great N. Ry. Co. v. United States*, 208 U.S. 452, 459 (1908), the Government indicted the Great Northern Railway Company for violations of the Elkins Act, pertaining to an illegal railroad rate concession. The Elkins Act became effective in 1903, while the acts referenced in the indictment took place in 1905. *Id.* The Hepburn Act was passed in 1906, and it significantly modified the applicable procedures to cases such as the one in question. *Id.* at 465-66. The Hepburn Act also stated that it repealed all statutes in conflict with its provisions except with respect to those cases currently pending, which were to be prosecuted

according to the previous procedures. *Id.* at 466. The railroad company was not indicted until after the Hepburn Act became effective, so the case was not "currently pending." The railroad company argued that the Hepburn Act barred prosecution for acts committed in 1905 because the indictment was not pending when the Hepburn Act was passed, and the Hepburn Act had repealed all conflicted statutes. The company argued that the general savings statute was inapplicable because the Hepburn Act conflicted with it. The Supreme Court held that the Hepburn Act was not in conflict with the general savings statute because the general savings statute only acted to preserve the liabilities incurred under the repealed Elkins Act, while the Hepburn Act's saving provisions only meant that the repealed *procedures* were to be used for pending cases. *Id.* at 467-68. Future cases would use the new Hepburn Act procedures. *Id.* In other words, the Supreme Court held that the general savings statute preserved the liability under the Elkins Act but not the remedies to be applied.

The Fourth Circuit has held that the "penalty" referenced in the savings statute refers to the sentence. *United States v. Cook*, 890 F.2d 672, 676 (4th Cir. 1989). In the instant case, Petitioner is awaiting a sentence because this Court vacated his earlier sentence. There is no question concerning any release of liability, as the statute defining Petitioner's substantive crime, 21 U.S.C. § 848(e), remains fully operative. The only change is the deletion of a procedure for enacting one possible sentence. In *Cook*, the Fourth Circuit held that § 109 prevented a statutory change in offense classification occurring after the offense but before sentencing to change the available sentencing options. *Id.* In the instant case, the available sentencing options as specified by Petitioner's substantive offense have not changed. What has changed, however, is the statutory authority for imposing one of the options. Assuming without deciding that the FDPA would otherwise be applicable, the FDPA cannot be applied in the instant case because the only appropriate subsection is

restricted by its terms to defendants convicted under the FDPA itself. Petitioner was not convicted under the FDPA. The Court has no statutory authority to impanel a sentencing jury.

**B. The 28 U.S.C. § 2255 Remedy**

This case is presently before this Court for a determination of an appropriate remedy for the violations of Petitioner's Sixth Amendment right to effective assistance of counsel. The Court has just found that it lacks the statutory authority to convene a new capital sentencing hearing. However, even if it had such authority, the most appropriate remedy in this case is for the Court to hold a new sentencing hearing without the possibility of the death penalty.

The remedy provision of § 2255 provides that if a court finds a violation, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255. The Fourth Circuit has held that this statute provides the Court with "broad and flexible" remedial power. *Hillary*, 106 F.3d at 1172. The Supreme Court has held that § 2255 is equally as broad as habeas corpus relief. *See Hill v. United States*, 368 U.S. 424, 427 (1962) ("[I]t conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus . . . ."). A § 2255 proceeding is essentially equitable in nature. *See Schlup v. Delo*, 513 U.S. 298, 319 (1995). "The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy." *Garcia*, 956 F.2d at 45. As the Supreme Court put it, "There is no higher duty of a court, under our constitutional system, than the careful processing and adjudication of petitions for writs of habeas corpus . . . ." *Harris v. Nelson*, 394 U.S. 286, 292 (1969).

Courts have granted a wide variety of different remedies under § 2255. *See Andrews*, 373 U.S. at 339 (stating that although § 2255 can lead to the immediate release of a prisoner, "[T]he provisions of the statute make clear that in appropriate cases a § 2255 proceeding can also be utilized to provide a more flexible remedy."). For example, multiple courts of appeal have held that a district court can resentence a petitioner on a separate count from the one collaterally attacked. *See, e.g.*, *United States v. Gordils*, 117 F.3d 99, 102 (2d Cir. 1997); *United States v. Mixon*, 115 F.3d 900, 903 (11th Cir. 1997); *Hillary*, 106 F.3d at 1173. A district court can also order specific performance of a plea agreement. *Garcia*, 956 F.2d at 45-46. In short, § 2255 provides the Court with the flexibility to grant the remedy it deems appropriate.

In circumstances such as the instant case, where a district court has vacated a § 2255 petitioner's sentence, the "most 'appropriate' remedy" is often to permit resentencing. *Hillary*, 106 F.3d at 1172 (quoting § 2255). This is exactly the remedy that this Court will impose. Petitioner will be resentenced on the counts where his previous sentence was vacated. The only change is that it is no longer appropriate to impanel a new jury for the purpose of a capital sentencing hearing. First, a long period of time has elapsed in this case between now and the time of Petitioner's conviction and original sentence. Petitioner was originally sentenced on February 17, 1999, approximately eight years ago. Second, normally the jury that determined the defendant's guilt is the jury that determines whether the death penalty is appropriate. The FDPA (and the old § 848(i)) makes this the default procedure. *See* § 3593(b)(1); *United States v. Brown*, 441 F.3d 1330, 1353-54 (11th Cir. 2006) (holding that the FDPA requires one jury to determine guilt and sit for the penalty phase unless one of the four exceptions applies), *cert. denied*, No. 06-7289, 2007 WL 135750, at *1 (U.S. Jan. 22, 2007); *United States v. Young*, 424 F.3d 499, 505 (6th Cir. 2005) (stating that a unitary

jury for both the guilt and penalty phases is the default rule); *United States v. Green*, 407 F.3d 434, 441-42 (1st Cir. 2005) (holding that the FDPA mandates that, "[A] single, properly constituted jury will hear both phases of a federal capital trial unless circumstances definitively rule out that option."), *cert. denied*, 126 S. Ct. 497 (2005). The statute authorizes a new jury to be impaneled in four situations, as discussed above, including a general situation when "reconsideration of the sentence under this section is necessary . . . ." § 3593(b)(2)(D). Although the statute may permit a second jury in appropriate circumstances, it would nonetheless be inequitable in Petitioner's case given the length of time elapsed after his original penalty phase combined with the general statutory preference for a unitary jury. Even if it had the authority to do so,[1] the Court would exercise discretion under § 2255 to resentence Petitioner without impaneling a new jury.

The Government argues that should the Court hold that § 2255 provides the discretion to avoid impaneling a second capital sentencing jury, such a holding would render 18 U.S.C. § 3593(b)(2)(D) meaningless. The Government has misconstrued the nature of the FDPA and this Court's holding. The FDPA does indeed provide the statutory authority, in certain circumstances, for a court to impanel a second jury for a capital sentencing hearing. Indeed, the statutory language in question states that "the judge . . . *shall* conduct a separate sentencing hearing . . . . The hearing *shall* be conducted– . . . (2) before a jury impaneled for the purpose of the hearing if– . . . (D) after initial imposition of a sentence under this section, reconsideration of the sentence under this section is necessary . . . ." 18 U.S.C. § 3593(b) (emphasis added). The hearing language is mandatory. However, this language does not apply to the instant case. The Court is not attempting to impose an

---

[1] The Court notes that it determined it was without statutory authority to convene a second jury in the instant case. The Court is currently concerned only with the appropriate § 2255 remedy, operating under the assumption that it does have such authority.

initial sentence or even correct a sentence after direct appeal, when the mandatory language would control. The Court is effecting an equitable § 2255 remedy. The statutory language is not rendered meaningless by the Court's decision, because it would provide a basis for a new capital sentencing hearing if the Court deemed such a procedure to be the most appropriate § 2255 remedy. The Court believes that the most appropriate remedy in this case is to forego a second capital sentencing hearing.

## III. CONCLUSION

For the reasons stated above, the Court finds that the most appropriate remedy in this case is for the Court to schedule a sentencing hearing to determine an appropriate sentence on Counts Three, Five, and Seven. The parties are **ORDERED** to attend the forthcoming sentencing hearing.

The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion & Order to Petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 8000, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED**.

_____________/s/________________
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
February 6, 2007